UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
(at Covington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 2: 08-69-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| KELLY LYNN HENDERSON, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

*** *** *** ***

This matter is pending for consideration of Defendant Kelly Lynn Henderson's motion for a reduction of her sentence pursuant to 18 U.S.C. § 3582(c)(2). The defendant was sentenced to a term of incarceration of 70 months on September 25, 2009. At the time of sentencing, Henderson faced a mandatory minimum term of imprisonment of 120 months pursuant to 21 U.S.C. § 841(b)(1)(A). However, because the United States filed a motion for a sentence reduction pursuant to 18 U.S.C. § 3553(e) and in accordance with United States Sentencing Guideline Section 5K1.1, the Court reduced the defendant's sentence to 70 months.

As outlined below, the starting point for the reduction was the mandatory minimum term required by statute. That statutory provision has not been abrogated by the recent amendments to the United States Guidelines regarding crack cocaine offenses. Therefore, the Court's rationale for the sentence imposed remains the same. In short, a further reduction of the defendant's sentence is not appropriate because her original sentence was not based upon what the guideline range would have been had the mandatory minimum term not been applicable.

The following discussion from the September 25, 2009, hearing further explains the Court's rationale for the sentence imposed. After reviewing all relevant factors under 18 U.S.C. § 3553, the undersigned noted:

> Now, let me tell you where I come down on the sentence. The United States has recommended a reduction of 50 percent from what otherwise would be the sentence. 120 months is the mandatory minimum sentence for these type of drug offenses, unless you're safety valve eligible, and you're not safety valve eligible because of this prior conviction that you heard Mr. Bracke talk about. That's the situation. You're not, so the starting point is 120 months.
>
> Let me tell you what I'm going to do in terms of a departure. Typically, in a case – And I told Mr. Bracke this [same thing] this morning. Typically, in a case such as this, I would be looking at a departure of about 33 percent. Now, you can do the calculations for yourself – 25 to 33 percent, so you can kind of see what the departure would be. I'm going to go a little below – or actually a greater departure in your case and a lesser sentence, but not quite to the level that the United States thinks would be an appropriate sentence. I'm not going to go down to 50 percent, but what I am going to do is I'm going to go essentially to half of what Mr. Bell was sentenced, and I'm going to go a little bit below that. Mr. Bell was 152 months. Half of that would be 76 months, but I believe, based upon your positive characteristics, that an additional six-month reduction would be appropriate in your case. And that's based in part on the fact that you did complete drug treatment, on the fact that you have been clean on the drug tests that were performed, and the fact that you do have these family obligations that should give you an incentive to keep clean once you are released. And so while it's a little more than I typically give, it's not as much as the United States has recommended, but I think in your case it's an appropriate sentence and it's one that meets all these factors that I've just talked about.

[Record No. 71, pp. 26-27]

Accordingly, it is hereby

**ORDERED** that Defendant Kelly Lynn Henderson's motion for a reduction of her sentence pursuant to 18 U.S.C. § 3582(c)(2) based on a retroactive amendment to the United States Sentencing Guidelines [Record No. 75] is **DENIED**.

This 9th day of November, 2011.



Signed By:
*Danny C. Reeves* DCR
United States District Judge